Per Curiam.

A mere naked lie may not be sufficient to sustain an indictment on this statute, for it is not the policy of government to punish criminally every wrong which is committed.[1] It is difficult, no doubt, to draw the line. We are of opinion, however, that the misrepresentations here are evidently within the statute.[2]
*187 The other point is also clear in favor of the commonwealth. It' was not necessary to prove that Hammond was actually defrauded ;[3] if he might have been, and if there was an intent to defraud him, it is sufficient. He might have had so much confidence in the defendant’s representations, as to make a warranty that the quarters sold by him should be paid accordng to their purport; and if he had done so, he would have been exposed to loss. It is plain then that he might have been defrauded ; and the fact of delivering these false papers to him to be sold as genuine, is sufficient evidence to warrant the jury in finding the wicked intent alleged.* [1]

Prisoner sentenced.

 The statutes of New York on this head extend to every case where a party has obtained money or goods by falsely representing himself to be a situation in which he is not, or by falsely representing any occurrence, that had not happened, to which persons of ordinary caution might give credit. People v. Haynes, 11 Wendell, 565. See 3 Chitty’s Grim. Law (3d Amer. ed.) 998.

 See Revised Stat. c. 126, § 32.

 An indictment under the statute of New York for obtaining by false pretences the signature of a person to a written instrument, need not allege that any loss or injury had accrued to the prosecutor. People v. Genung, 11 Wendell, 20.

 A false representation authorizes the inference of an intent to defraud. People v. Herrick, 13 Wendell, 87.